# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

**FELIPE AND SOFIA SOTO,**
as parents, next of kin of LUIS
SOTO, deceased, for the benefit
of K.S., a minor,

        **Plaintiffs,**

v.                                          Case No. 2:17-cv-2323-cgc

**CITY OF MEMPHIS, MICHAEL RAWLINGS,**
in his official capacity as the Police Director
of the Memphis Police Department,
**OFFICER MARSHALL SMITH,** individually
and in his official capacity as a Police Officer
with the Memphis Police Department,

        **Defendants.**

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

Before the Court is Defendants' City of Memphis ("City"), Michael Rawlings ("Rawlings"), and Officer Marshall Smith ("Smith"), in his official capacity's (collectively "Defendants"), Motion to Dismiss (Docket Entry "D.E." #30") and Defendant Smith, in his individual capacity's, Motion to Join the City Defendants' Motion to Dismiss (D.E. #20). This matter is before the undersigned pursuant to 28 U.S.C. § 636, Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties. (D.E. #13). At the outset, Defendant Smith's Motion to Join the City Defendants' Motion to Dismiss is well-taken and is GRANTED. Thus, the Motion to Dismiss shall be considered as one filed by all Defendants as named in this suit.

1

**I. Introduction**

On April 7, 2017, Plaintiffs Felipe and Sofia Soto (collectively "Plaintiffs") filed a Complaint in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. The Complaint was removed to this Court on May 10, 2017.

The allegations contained in the Complaint surround the death of Luis Soto, Plaintiffs' son, who was killed on Sunday, April 10, 2016. (Compl. ¶ 1). Plaintiffs' allege that their son, Luis Soto, was divorced from Karen Salinas ("Salinas") and shared joint custody of their minor daughter, K.S. (*Id*. ¶ 7). Salinas was engaged to marry Smith. (*Id*. ¶ 9). Luis Soto, who lived with Plaintiffs, had visitation with K.S. every other weekend with Salinas dropping K.S. off on Friday mornings and picking her up at the Soto residence on the following Monday. (*Id*. ¶ 12). Many times, however, K.S. would stay with Luis Soto for longer than Friday through Monday. (*Id*. ¶ 13).

On or about April 10, 2016, Salinas asked Luis Soto to bring K.S. to her that day instead of picking her up on Monday. (*Id*. ¶ 15). Luis Soto communicated to Salinas that he and K.S. had plans to go to a birthday party that evening and asked Salinas to pick K.S. up the next morning as planned. (*Id*. ¶ 17). Plaintiffs allege that Salinas expressed frustration to Smith and others concerning Luis Soto's refusal to bring K.S. to her that evening. (*Id*. ¶ 19). Plaintiffs allege that Smith and Luis Soto exchanged telephone communications and text messages that day, of which Salinas was aware. (*Id*. ¶ 20). Plaintiffs allege that Salinas was aware that Smith intended to intimidate and, if necessary, harm Luis Soto. (*Id*. ¶ 21).

Ultimately, Luis Soto and Salinas agreed to exchange custody of K.S. that evening after the birthday party. (*Id*. ¶ 24). Salinas refused to pick up K.S. at the Soto residence on April 10,

2016. (*Id*. ¶ 22). Instead, Salinas requested that Luis Soto bring K.S. to the Shell/Flash Market located at 1781 Getwell Road, Memphis, Tennessee. (*Id*. ¶ 23). Luis Soto arrived with K.S. and parked in a parking space, and Salinas and Smith parked behind Luis Soto's vehicle, blocking him in. (*Id*. ¶ 26). Within minutes of Luis Soto getting K.S. out of the car and handing her over to Salinas, Smith shot Luis Soto four times. (*Id*. ¶¶ 27-28). Plaintiffs aver that the gunshots were either "allegedly to comply with a police officer's commands or without warning." (*Id*. ¶ 50). Luis Soto died as a result of the gunshot wounds. (*Id*. ¶¶ 30-31).

Plaintiffs allege that the policies, practices, customs, training and supervision of the City and the Memphis Police Department ("MPD") were the driving force behind the deprivation of constitutional rights sustained by Luis Soto. (*Id*. ¶¶ 34, 39-40). Plaintiffs allege that the City and Rawlings have created a custom, pattern, and practice of exonerating its officers who use excessive force. (*Id*. ¶ 36). Plaintiffs allege that Luis Soto was the fourth victim of a police shooting in the first four months of 2016 and that the MPD fails to thoroughly investigate police-related shootings. (*Id*. ¶¶ 37-38). Plaintiffs further allege that the City and Rawlings were aware specifically of Smith's history of violating MPD policies and violating the rights of citizens of the City yet still provided him with the weapon that may have killed Luis Soto. (*Id*. ¶ 41).

Based upon the foregoing allegations, Plaintiffs assert causes of action under the following: 42 U.S.C. § 1983 ("Section 1983") (*Id*. ¶¶ 44-71); and, the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated § 29-20-101, *et seq*. ("GTLA") (*Id*. ¶¶ 72-88).

## II. Analysis

As a threshold issue, Defendants' Motion to Dismiss asserts that Plaintiffs, as parents of the decedent who was survived by a minor child, K.S., lack standing to bring this cause of action.

Plaintiffs have brought this suit in three capacities: (1) as parents; (2) as next of kin of Luis Soto, deceased; and (3) for the benefit of K.S., minor. Although Defendants referred to the issue as one of standing, the Court finds that it the motion also raises questions with regard to capacity to sue. *Tri-Med Finance Co. v. National Century Fin. Enterprises, Inc.*, 2000 WL 282445, *4 (6th Cir. Mar. 6, 2000); *Firestone v. Galbreath*, 976 F.2d 279, 282 (6th Cir. 1992); *Glickstein v. Sun Bank/Miami N.A.*, 922 F.2d 666, 670 (11th Cir. 1991); *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976); *see also DXE Corp. Liquidating Trust v. L3 Comm. Corp.*, No. 3:12-cv-98, 2014 WL 3945892, at *3 (S.D.Ohio Aug. 12, 2014); *Hill v. Martinez*, 87 F. Supp. 2d 1115, 1122 (D. Colo. Feb. 11, 2000); *Edens v. Laubach*, 838 F. Supp. 510, 513-14 (D. Kan. 1993). The difference between capacity to sue and standing is that the former relates to the right to come into court, while the latter relates to the right to relief. *Id.* (citing *Citizens Concerned for Separation of Church and State v. The City and County of Denver*, 628 F.2d 1289, 1300 (10th Cir. 1980)); *see also* 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1542 at 327 (1990) (capacity is "a party's personal right to litigate in federal court"); *Allen v. Wright*, 468 U.S. 737 (1984) (standing and the right to relief are tied to the determination of whether the plaintiff can show an injury in fact traceable to the conduct of the defendant).

The Sixth Circuit has held that challenging the lack of capacity to sue is governed by Rule 9 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(a)(1)-(2); *Miller v. City of Cincinnati*, 970 F. Supp. 2d 534, 540-541 (S.D. Ohio May 9, 2012); *Theresa Srock v. United States*, 2006 WL 2460769, No. 04-CV-72788-DT, at *2-*5 (E.D. Mich. Aug. 23, 2006).[1]

---

[1] Rule 9(a) states, in pertinent part, as follows:

    **(a) Capacity or Authority to Sue; Legal Existence**

However, in federal courts, a motion under Rule 12(b)(6) for failure to state a claim upon which relief may be granted may properly be utilized to assert a defense of lack of capacity to sue. *Theresa Srock v. United States*, No. 04-CV-72788-DT, 2006 WL 2460769, at *4 (E.D.Mich. Aug. 23, 2006) (citing *NAACP Labor Comm. v. Laborer's Int'l Union of N. Amer.*, 902 F. Supp. 688, 699 (W.D.Va. 1993); *see also Capital City Energy Group, Inc. v. Kelley Drye & Warren LLP*, No. 2:11-cv-00207, 2011 WL 5175617, at *2 (quoting *Weiner v. Winters*, 50 F.R.D. 306, 307-08 (S.D.N.Y. 1970)).

The motion will be analyzed with reference to each of the proposed capacities in which Felipe and Sofia Soto propose to bring the instant suit.

### A. As Parents

As parents, Plaintiffs aver that they "had a constitutional right of familial association with their son and granddaughter," including the "constitutional right to society and companionship of their son and granddaughter." (*Id*. ¶ 70). Plaintiffs allege that, as a direct result of Defendants' acts and omissions, they "lost their son and suffered great losses of a personal and pecuniary nature, including, but not limited to, the loss of companionship, society, and support of the decedent as well as grief, sorrow, and mental suffering." (*Id.*) Plaintiffs state that they had

---

**(1) *In General.*** Except when required to show that the court has jurisdiction, a pleading need not allege:

**(A)** a party's capacity to sue or be sued;

**(B)** a party's authority to sue or be sued in a representative capacity; or

**(C)** the legal existence of an organized association of persons that is made a party.

**(2) *Raising Those Issues.*** To raise any of those issues, a party must do so by specific denial, which must state any supporting facts that are peculiarly within the party's knowledge.

"close emotional ties to their son, Luis Soto, and their granddaughter, K.S." and that Defendants violated these rights. (*Id*.)

Plaintiffs request damages as the parents of Luis Soto because they were emotionally injured for life. (*Id*. ¶ 88). The injuries for which they seek compensation as his parents include, but are not limited to, the following: (1) physical injuries, including Luis Soto's death and their resulting loss of familial association with him; (2) conscious, physical and emotional pain and suffering of Luis Soto from the time of the injury until his death, as well as his loss of the pleasure of life; (3) medical expenses incurred for Luis Soto; (4) funeral expenses incurred for Luis Soto; (5) pecuniary value of the life of Luis Soto, including, but not limited to, the loss of companionship and consortium for both Felipe and Sofia Soto; (6) reckless or negligent infliction of emotional distress upon Plaintiffs; (7) pre-judgment interest and/or post-judgment interest, statutory, and discretionary costs to the extent permitted by law; (8) attorneys' fees pursuant to applicable law, including, but not limited to, 42 U.S.C. § 1988; (9) injunctive and/or declaratory relief that the acts and conduct set forth above were unconstitutional, and precluding them from engaging in such activities in the future; (10) any and all compensatory and punitive damages; (11) all such further relief, both general and specific, to which they may be entitled under the premises.

Under Tennessee law, the right to prosecute an action for wrongful death passes in an order created by statute:

> The right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin; to the person's personal representative, for the benefit of the person's surviving spouse or next of kin; to the person's natural parents or parent of next of kin.

6

Tenn. Code Ann. § 20-5-106.

> The action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin.

Tenn. Code Ann. § 20-5-107.

In the instant case, there are no allegations that Luis Soto was survived by a spouse, as it is alleged that he and Salinas were divorced and it is not alleged that he was remarried. Thus, the claim passes to the child or next of kin not the decedent's parents. Therefore, the Sotos lack standing or the right to recover for damages resulting from the wrongful death of their son pursuant to Tennessee law.

### B. *Next of Kin*

As set forth, *supra*, Section II.A, Tennessee Code Annotated §§ 20-5-106 & 20-5-107 would allow this claim to pass to Luis Soto's child or next of kin as it is not alleged that he was survived by a spouse. Plaintiffs allege that, as parents to Luis Soto and grandparents to K.S., they are the appropriate next of kin to pursue this claim. Under Tennessee Law, "in the law of descent and distribution, the term 'next of kin' properly denotes the persons nearest of kindred to the decedent, that is, those who are most nearly related to him by blood." *Sneed v. Henderson*, 366 S.W.2d 758, 766 (Tenn. 1963). "The strict legal meaning of the phrase 'next of kin' is 'next or nearest in blood.' In ascertaining who the next of kin is, the law follows the line of consanguinity. It is the same in this state under our general statute of distribution." *Id.* Under those laws of distribution, as Luis Soto did not have a surviving spouse, his child, K.S., is also his next of kin. Tenn. Code Ann. § 31-2-104(b)(1). Accordingly, the Sotos lack the capacity to pursue these claims as Luis Soto's next of kin.

### C. "For the Benefit of K.S., Minor"

Finally, Plaintiffs seek to pursue the claims as "for the benefit of K.S., minor." Because K.S. is the decedent's sole heir, she is the sole party in interest for any causes of action which survive the decedent. As a minor, K.S. is under a legal disability and may not bring an action in her own name but must be represented by either a general guardian, a committee, a conservator, a like fiduciary, a next friend or a guardian ad litem. Fed.R.Civ.P 17(c). However, Plaintiffs nowhere allege that they have been given any legal authority to sue on behalf of K.S. Whether Plaintiffs could sue for the benefit of K.S., minor, is a question of who has the right to litigate on her behalf. *Hill*, 87 F. Supp. 2d at 1122.

Under Rule 17(b) of the Federal Rules of Civil Procedure, the law of the state in which the district court sits governs a party's capacity. Under Tennessee law, "the exclusive right to assert claims on behalf of the estate belongs to the Administrator." *Ware v. McKeithan (In re Estate of Hendrickson)*, No. 03P-1460, 2009 WL 499495, at *1 (Tenn. Ct. App. Feb. 25, 2009); *see also Western Sur. Co. v. Wilson*, 484 S.W.2d 45, 48 (Tenn. Ct. App. 1972) (concluding that the estate's personal representative succeeds "to the position of the deceased in respect to suing and being sued"); *Estate of Ralson ex. re. Ralson v. Hobbs*, No. M2009-02442-COA-R3-CV, 2010 WL 4272692, at *3 (Oct. 28, 2010) (holding that the personal representative retains the right to bring suits on behalf of the decedent).

The case closest to the one at bar is *Sipes v. Madison County*, 12-1130-JDB-egb, 2014 WL 2035685 (W.D. Tenn. May 16, 2014). In *Sipes*, the decedent's mother and sister brought an action against Madison County alleging deprivations of the decedent's constitutional rights under color of law in violation of 42 U.S.C. § 1983. In the course of discovery, it was discovered by

the defendants that the decedent had a surviving child. Because the decedent had a surviving child, the mother and sister were held to have no individual standing to maintain suit. However, the mother was also the personal representative of the estate and the Court was asked to dismiss the case because the case was not brought on behalf of the minor child. The Court declined to dismiss the case, allowing the mother in her capacity as personal representative time to amend the complaint to reflect the child "as the proper beneficiary and to obtain consent from the child's parent or guardian."

The instant case is distinguished from *Sipes* in that the Sotos do not allege that they have been granted Letters Testamentary or Letters of Administration by the Shelby County Probate Court and therefore are not personal representatives of the estate. This distinction is important because the role of personal representative is as a fiduciary. The personal representative pursues "recovery as a trustee for the real beneficiaries . . . , and must account to them, whoever they may be, for the proceeds of the judgment." *Memphis St. Ry. Co. v. Cooper*, 313 S.W.2d 444, 448 (Tenn. 1958). Absent the legal status as personal representatives, the Sotos have no capacity in which to bring this suit on behalf of K.S.

### III. Conclusion

For the reasons set forth herein, Defendants' Motion to Dismiss is hereby GRANTED.

IT IS SO ORDERED THIS 11th day of October 2017

                                                  s/ Charmiane G. Claxton
                                                  CHARMIANE G. CLAXTON
                                                  UNITED STATES MAGISTRATE JUDGE